2873.   CARTER & CO. *v.* SWIFT FERTILIZER WORKS.

Where a promissory note is given in pursuance of a single contract, expressed in a set of contemporaneous writings, and the person to whom the note is given sues thereon, he can not, when the opposite party seeks to recoup by setting up damages resulting from the breach of the terms imposed upon the holder of the note under one of the contemporaneous writings, set up that this contemporaneous writing never became binding, because it was made by his agent subject to his confirmation, and he had never confirmed it.   Ordinarily, where there is an option to affirm or disaffirm a contract, it relates to the whole contract, and can not be exercised partially.

DECIDED JUNE 7, 1911.

Complaint; from city court of Baxley—A. V. Sellers, judge pro hac vice.   July 4, 1910.

*Wade H. Watson, James R. Thomas,* for plaintiffs in error.

*Parker & Highsmith, Tye, Peeples & Jordan,* contra.

POWELL, J.   The Swift Fertilizer Works sued Carter & Co. as principals and Johnson as surety on a promissory note.   The defendants pleaded that the note was given under the following circumstances: that the Swift Fertilizer Works had an unsecured debt against an old firm doing business under the name of Carter & Co., but composed of different persons from the partnership here sued; that the new firm agreed that they would give this note, and would give security thereon, if the Swift Fertilizer Works would appoint this new firm its agents for certain designated territory, and would sell to them during the season of 1908 fertilizer at specified prices; and that in violation of the contract it had revoked the agency and refused to furnish them fertilizer at the price named, whereby they lost a contemplated profit sufficient to pay off the balance that remained due upon the note, after deducting certain payments which had been made.   This contract as to the appointment of the new firm of Carter & Co. as agents was in writing, and executed simultaneously with the note; but it provided on its face that it should not become binding until it had been approved by the manager of the Atlanta office, it being signed merely by the traveling salesman who took the note sued on.   It appears that the Swift Fertilizer Works *did notify Carter & Co.* that they would not perform this written contract, which had been signed by their agent, and therefore declined to ship the fertilizer which Carter & Co. ordered out.   There was some evidence as to the extent of the dam-

age which resulted by reason of the plaintiff's failure to fill their order. The court directed a verdict in favor of the plaintiff.

It is undoubtedly true that the plaintiff did not become bound by the contract which its agent had made, until its managing officer confirmed the contract; but it is equally true that if the note was given merely as a part of a contract of which the agency agreement constituted another part, the plaintiff can not hold the defendants upon the note without binding itself to the other contract. This agency agreement on its face provided that it should not become binding until it was confirmed, but that when it was confirmed it should be in force as of the date when the note was made. There are no words of confirmance in the record; but actions speak louder than words, and are often much more potent when they break the silence. If the plaintiff has never confirmed this contract, then it has no right to sue upon the notes. Under the circumstances, any attempt to collect the note operated as confirmation just as effectually as any written confirmation could have operated. The contract as submitted to the plaintiff was a proposition of give and take under the provisional agreement, and the plaintiff had the right to accept or to repudiate the proposition by which it would take the note and give the agency contract; but it can not act upon the contract for the purpose of taking from the defendants, and then repudiate it so far as giving to the defendants is concerned. This proposition is elementary and needs no further elaboration.

There is a suggestion that the defendants' proof of the damages which resulted to them in consequence of the plaintiff's breach is too indefinite. It may be that it is too indefinite as to some of the damages claimed, but it is certainly definite enough as to a part of them, and the court, by directing the verdict, ignored this entirely.

It is proper that we should notice another exception, which relates to the rejection of testimony of the defendants that they had sold this fertilizer at a profit of $2.50 a ton, and that it was contemplated at the time of the making of the contract that they should resell it at this amount of profit. The evidence was doubtless excluded on the ground that this would be an attempt to add to the writing, which was silent on this subject. This was a matter with which the contract did not attempt to deal at all, and the evidence was admissible. It did not vary the contract, and it tended to make out one of the elements of the defendants' case, namely, that

the damage which they had suffered through the loss of this profit was in contemplation of the parties at the time the contract was made.                                    *Judgment reversed.*